## MARTIN HUBAN *v.* THOMAS HUBAN.

[Abstract Kentucky Law Reporter, Vol. 3—56.]

**Suit to Set Aside Conveyance.**

> Where an old person, weak and infirm in body and mind, owning but one piece of property, is induced to convey it to his half-brother, who soon thereafter drives him away by cruel treatment, and the evidence of the grantor shows that he did not know he was conveying his real estate and that he received no consideration for such conveyance, and the grantee fails to offer his evidence, such a conveyance will not be upheld.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

June 4, 1881.

OPINION BY JUDGE PRYOR:

There is nothing in this case for the appellant. It appears from the statements of the petition and the evidence in the record that the appellee, shortly before the conveyance was made, had been found a lunatic and sent to an asylum, and that his mind was restored, or that fact afterwards ascertained by the

verdict of a jury; but it further appears from the testimony of the appellee that he was in feeble health, advanced in years, and was entirely ignorant of the conveyance until he was informed that it was of record. The consideration expressed is one dollar and other valuable considerations. What these considerations were does not appear, except from the statement of the appellee. He says that no consideration whatever was paid him, but on the contrary deposes that he was compelled to leave the residence of his half-brother, to whom the conveyance was made, on account of his cruel treatment to him. This was all the estate the appellee owned, and without it he is entirely destitute of means for a support. It is unreasonable to suppose that he would voluntarily give all of his property to the appellant, whom the proof shows was of a trifling character and unable to provide for himself, much less the appellee. The appellee gives a plain, consistent statement of the facts of which he seems to be cognizant, while the appellant stands with his mouth closed, and declines to enlighten the chancellor as to this singular transaction.

This appellee, once a lunatic, with a mind doubtless as feeble as the body, living with a half-brother, who is utterly insolvent, conveys to the latter, without any consideration whatever, his entire estate; and when an opportunity is afforded the grantee to explain the transaction and show to the chancellor its fairness, he expresses or declines to make any explanation whatever, but stands upon the recitals of his deed. This will not do. The facts of this case conduce to show that the appellee was under the control of the appellant, or at least subject to his influence, and with a mind to some extent wrecked. No chancellor should enforce such an unjust and unconscientious transaction.

The judgment is *affirmed*.

*R. W. Nelson*, for appellant.

*J. S. Ducker*, for appellee.

[Cited, *Combs v. Davidson*, 24 Ky. L. 2528, 74 S. W. 261.]